UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL THOMPSON; THOMPSON
PROPERTIES, LLC; UNITED BUILDERS, LLC;
HARBOR COVE RV RESORT, LLC; SOUTH
WILLOWBROOK ASSOCIATES, LLC; GULF
SHORES, LLC; SOUTH WILLOWBROOK
SOUTH, LLC; THOMPSON CONSTRUCTION
CO., LLC; FIRST CHOICE REAL ESTATE
ASSOCIATES, LLC; and LTP, LLC,

Case No. 1:24-cv-00127-RJJ-SJB

Hon. Robert J. Jonker

Plaintiffs,

v.

~~ROSE THORNTON~~, MICHELLE SIGNOR,
~~NICHOLAS THORNTON, and ROBERT SIGNO~~R,

Defendant.

_____/

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for June 5, 2024 at 2:30 PM, before Hon. Sally J. Berens. Appearing for the parties as counsel will be:

- Stephen T. McKenney – Counsel for Plaintiffs
- Michelle Signor - *in propria persona*

1. <u>Jurisdiction</u>: The basis for the Court's jurisdiction is:

Federal question jurisdiction (28 U.S.C. § 1367(a)). Plaintiffs assert claims under the Computer Fraud and Abuse Act (18 U.S.C. §1030, et seq.) and the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §1962).

2. <u>Jury or Non–Jury</u>: This case is to be tried before a jury.

3. <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>:

1

Plaintiffs have settled their claims against defendants Rose Thornton, Nicholas Thornton and Robert Signor. This Court has entered orders dismissing those Defendants with prejudice. Plaintiffs' remaining claims are against defendant Michelle Signor. Plaintiffs allege that they hired Ms. Signor to work as an accountant for several of the plaintiff entities. This was a position of trust in which Ms. Signor had access to plaintiffs' bank accounts, lines of credit, credit cards, and financial information. Ms. Signor abused this trust by working in concert with Ms. Thornton to steal millions of dollars from plaintiffs. Ms. Thornton and Ms. Signor covered up their theft by exceeding the authorization they had to switch plaintiffs online bank passwords, switch plaintiffs' accounts to online access only (which they controlled) and intercepting the mail and phone calls that may have otherwise roused plaintiffs' suspicions to the theft. Ms. Thornton and Ms. Signor spent the money they stole, using it to gamble (hundreds of thousands of dollars were withdrawn from ATMs at Firekeepers Casino) and live lifestyles beyond their means. This complaint seeks redress for the theft. Ms. Signor denies that she ever stole any money form any of the Plaintiffs. She also alleges that her actions were taken at the direction of Ms. Thornton and/or Mr. Thompson.

5.  Prospects of Settlement: The status of settlement negotiations is:

The claim has been settled with regard to the three dismissed defendants. Counsel for Plaintiffs and *in pro per* Defendant have spoken and exchanged settlement e-mails, including a specific written demand (and analyses supporting that demand). Plaintiffs and Ms. Signor have, to date, however, been unable to reach a resolution.

6.  Pendent State Claims: This case does include pendent state claims.

Plaintiffs previously filed a response to a show cause order from this Court regarding whether this Court should exercise jurisdiction over the pendant state claims. ECF No. 24, PageID.81-84). This Court discharged the show cause order and concluded "at least at this juncture , the existence of a common factual predicate for all claims and the interests of judicial economy wight  in favor of retaining supplemental jurisdiction." (ECF No. 31, PageID.96).

7.  Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by June 21, 2024.

8.  Disclosures and Exchanges:

    (a) FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

Plaintiffs shall make their initial disclosures on or before June 19, 2024.
Defendant shall make her initial disclosures on or before July 3, 2024.

(b) The plaintiff expects to be able to furnish the names of plaintiff's expert witness(es) by July 31, 2024. Defendant expects to be able to furnish the names of defendant's expert witness(es) by August 30, 2024.

(c) It would be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

- Plaintiffs' expert report shall be provided to Defendant on or before September 30, 2024.
- Defendant's expert report shall be provided to Plaintiffs on or before October 31, 2024.

(d) The parties have agreed to make available the following documents without the need of a formal request for production:

From plaintiff to defendant by June 19, 2024:
Underlying bank records from all accounts at issue;
Underlying credit card records from all credit cards at issue; and
MSP Report

From defendant to plaintiff: None

9. Discovery: The parties believe that all discovery proceedings can be completed by December 13, 2024. The parties recommend the following discovery plan:

For the timing of disclosures under Rule 26(a) see section 8, above.

The parties may need discovery on the facts and circumstances regarding the unauthorized transactions described in the complaint; the facts and circumstances regarding the efforts to account for the monies withdrawn; and the facts and circumstances otherwise identified in the complaint and the affirmative defenses thereto.

The parties are unaware, at this time, of any issues regarding preservation of ESI.

The parties believe that one of the fact witnesses in the action, Rose Thornton, may assert a fifth amendment privilege against self-incrimination in connection with this case. The plaintiffs have retained, and intends to rely on, an expert in forensic accounting and fraud examination and will rely on the protection offered by Rule 26(b)(4).

3

Otherwise, the parties are unaware, at this time, of any issues regarding privilege or protection as trial preparation materials.

The parties agree (assuming no change in circumstances) to the limits imposed by Rules 33(a) Rule 30(a)(2)(A); and Rule 30(d)(1) (one day of seven hours per witness) should not be modified in this case.

10. <u>Disclosure or Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

The parties are unaware, at this time, of any issues regarding preservation of ESI.

11. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>:

The plaintiffs have retained, and intends to rely on, an expert in forensic accounting and fraud examination and will rely on the protection offered by Rule 26(b)(4). Otherwise, the parties are unaware, at this time, of any issues regarding privilege or protection as trial preparation materials.

12. <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

The parties are uncertain of what dispositive options they might file at this time because they have not yet conducted discovery.

The parties anticipate that all dispositive motions will be filed by January 10, 2025.

13. <u>Alternative Dispute Resolution</u>: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

Indicate what discovery, if any, is needed prior to conducting alternative dispute resolution in order to make alternative dispute resolution most effective. Indicate a preferred time frame for conducting alternative dispute resolution.

The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

Voluntary facilitative mediation (W.D. Mich. LCivR 16.3). The parties will require base written discovery and the completion of key depositions (Mr. Thompson and Ms.

Signor) prior to mediation. The Parties propose mediation be completed by November 15, 2024.

For the local rules regarding all forms of ADR used in this district and for lists of mediators, case evaluators and arbitrators, see the Court's website at www.miwd.uscourts.gov.

14. **Length of Trial**: Counsel estimate the trial will last approximately 5 days total, allocated as follows: 3 days for plaintiffs' case, 2 day for defendant's case, 0 days for other parties.

15. **Electronic Document Filing System**: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

16. **Other**: Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

Respectfully submitted,

/s/Stephen T. McKenney
Stephen T. McKenney (P65673)
Attorney for Plaintiffs
401 S. Old Woodward Ave., Ste 460
Birmingham, MI 48009
Phone: 248.594.5252
smckenney@altiorlaw.com

/s/Michelle Signor (w/ consent, see attached)
Michelle Signor, *in propria persona*
205 S. Willowbrook Rd.
Coldwater, MI 49036

14. **Length of Trial**: Counsel estimate the trial will last approximately 5 days total, allocated as follows: 3 days for plaintiffs' case, 2 day for defendant's case, 0 days for other parties.

15. **Electronic Document Filing System**: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

16. **Other**: Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

Respectfully submitted,

_____
Michelle Signor, *in propria persona*

_____
Stephen T. McKenney (P65673)
Attorney for Plaintiffs